UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEONARD SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:09CV802 FRB |
| ) | |
| KRAMER & FRANK, P.C., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Presently pending before the Court is defendant Kramer & Frank, P.C.'s Motion to Dismiss (Doc. #13).  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Leonard Smith brings this cause of action pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692, et seq., alleging that defendant Kramer & Frank, P.C., engaged in unlawful collection practices relating to a debt allegedly owed by plaintiff to a third party, HSBC Card Services.  Defendant Kramer & Frank now seeks to dismiss this cause of action under Fed. R. Civ. P. 12(b)(1) and (b)(6), arguing that this Court is deprived of subject matter jurisdiction under the Rooker-Feldman doctrine, and, further, that the Complaint fails to state a claim under the FDCPA upon which relief can be granted.  Plaintiff has responded to the motion to which defendant has replied.  For the following reasons, defendant's motion should be denied.

## I. Background

In his Complaint, plaintiff claims that on or about August 13, 2008, he received notice that a Petition had been filed in the Circuit Court of Greene County, Missouri, in relation to an alleged debt owed by plaintiff to HSBC Card Services ("HSBC"). The law firm of Kramer & Frank, P.C., the defendant here, represented HSBC in that action. (Deft.'s Exh. A, Doc. #30.)[1,2] The summons issued and served on the Petition set out September 4, 2008, as the date on which plaintiff was to appear in court to answer the claim therein. (Id. at p. 25.) The Petition identified "Alysia Gutierrez" as the contact person on the matter, and included a telephone number by which Ms. Gutierrez could be reached. Plaintiff alleges in his Complaint that Ms. Gutierrez is an attorney and agent of Kramer & Frank. On that same date, plaintiff telephoned and spoke with Ms. Gutierrez and informed her that he wanted to reach an amicable resolution of the state court debt collection that would ensure that action on the state court Petition would not proceed. Ms. Gutierrez telephoned

---

[1] Exhibit A to defendant's Motion to Dismiss (Doc. #30) is a copy of the state court file and minutes from the Greene County action styled HSBC Bank Nevada v. Leonard R. Smith, Case No. 0831-CV10517. Although the documents do not appear to be certified as claimed by defendant, plaintiff does not challenge their authenticity.

[2] For purposes of determining a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court may consider matters outside the pleadings. Drevlow v. Lutheran Church, Mo. Synod, 991 F.2d 468, 470 (8th Cir. 1993). In addition, matters of public record referenced in a Complaint may be considered in determining a Rule 12(b)(6) motion to dismiss for failure to state a claim. Deerbrook Pavilion, LLC v. Shalala, 235 F.3d 1100, 1102 (8th Cir. 2000).

plaintiff the following day, August 14, 2008, and informed him that he could enter into a payment agreement. Ms. Gutierrez further informed plaintiff that a contract to that effect would be drafted and sent to plaintiff for his signature.

Through his conversations with Ms. Gutierrez, plaintiff believed that the negotiated agreement was a settlement of the Petition and that Kramer & Frank would not proceed against him on the Petition. To confirm this belief, plaintiff asked Ms. Gutierrez whether he was required to appear in court on the Petition, to which Ms. Gutierrez responded that no court appearance was necessary inasmuch as an agreement had been reached between the plaintiff and defendant with respect to a payment plan by which plaintiff would pay off the debt. Plaintiff claims that on October 29, 2008, he received correspondence from defendant confirming their agreement that plaintiff would make monthly payments to pay off the debt.[3]

In the meanwhile, on September 4, 2008, HSBC appeared in court on the Petition through its counsel Kramer & Frank, the defendant here. Plaintiff did not appear. The court entered Judgment on the Petition against plaintiff that same date in the

---

[3] On September 3, 2008, plaintiff signed a document entitled "Consent Judgment" which set out terms whereby plaintiff would make payments to Kramer & Frank in the amount of $121.00 per month beginning September 25, 2008, and continuing each month thereafter until full judgment amounting to $4,226.56 was satisfied. This document was signed only by plaintiff Leonard Smith, and was not executed by any person on behalf of HSBC Card Services. Nor was this "Consent Judgment" ordered approved by the court, despite it having been filed with the court on September 3, 2008, by HSBC's counsel, defendant Kramer & Frank. (Deft.'s Exh. A, Doc. #30 at pp. 1, 22-23.)

amount of $4,226.56, representing $3,675.27 in principal owed and $551.29 in attorney's fees. Interest on the Judgment was assessed at the rate of 9.00 per cent per annum. (Deft.'s Exh. A, Doc. #30 at p. 20.) Plaintiff did not receive notification of the Judgment or a copy of the Judgment.

Plaintiff did not make each payment as was agreed to and, on March 26, 2009, HSBC, through its attorneys Kramer & Frank, applied for and obtained a writ of execution on the Greene County Judgment, pursuant to which all of plaintiff's bank accounts maintained at U.S. Bank were garnished. The application and order for writ of garnishment was filed in the Circuit Court of Greene County with such writ issued by the Circuit Court of Jackson County, Missouri, the jurisdiction in which U.S. Bank was located. (Deft.'s Exh. A, Doc. #30.) On April 7, 2009, plaintiff learned that his bank accounts had been garnished. Plaintiff claims that it was at that time when he first became aware that Judgment had been entered against him on the state court Petition.

In his Complaint, plaintiff alleges that Kramer & Frank's conduct in relation to its attempt to collect the debt allegedly owed by plaintiff to HSBC violated the FDCPA in that Kramer & Frank:

1) used false, deceptive, misleading, and unfair or unconscionable means to collect or attempt to collect a debt;

2) falsely represented the character, amount or legal status of the debt;

3) used false representations or deceptive means to collect or attempt to collect the debt;

4) falsely represented or implied that documents were not legal process forms or did not require action on the part of plaintiff;

5) used unfair and/or unconscionable means to collect or attempt to collect the debt;

6) brought a legal action on the debt against plaintiff in a county other than that in which plaintiff resided at the commencement of the action; and

7) was otherwise deceptive and failed to comply with the provisions of the FDCPA.

Plaintiff claims that defendant's conduct caused him to suffer personal humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff seeks actual and statutory damages, attorney's fees, and costs. Plaintiff does not attack the validity of the underlying Judgment and does not seek to have the debt set aside or to prevent the debt from being collected.

## II. Discussion

A. Subject Matter Jurisdiction

Defendant Kramer & Frank first argues that application of the Rooker-Feldman doctrine deprives this Court of subject matter jurisdiction over plaintiff's claims. With the exception of habeas corpus petitions, the Rooker-Feldman doctrine deprives lower federal courts of subject matter jurisdiction over challenges to state court judgments. Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). Only the United States Supreme Court has jurisdiction to

review state court decisions. Friends of Lake View Sch. Dist. Inc. No. 25 of Phillips County v. Beebe, 578 F.3d 753, 758 (8th Cir. 2009). "The Supreme Court has made clear[, however,] that the Rooker-Feldman doctrine occupies a 'narrow ground.'" Id. (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). As stated by the Supreme Court in Exxon Mobil, the doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil, 544 U.S. at 284.

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction.

Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003) (quoted favorably in Riehm v. Engelking, 538 F.3d 952, 965 (8th Cir. 2008)) (cited favorably in Exxon Mobil, 544 U.S. at 293). See also MSK EyEs Ltd. v. Wells Fargo Bank, Nat'l Ass'n, 546 F.3d 533, 539 (8th Cir. 2008).

In this cause, plaintiff does not seek relief from a state court judgment, nor does he allege injury caused by a state court judgment. Instead, plaintiff asserts as legal wrongs the allegedly illegal conduct by an adverse party, that is Kramer & Frank, in the manner and method by which it sought and executed the Greene County Judgment as part of its debt collection practice. Because plaintiff

is not challenging the action of the state court in its issuance of this Judgment, nor the Judgment itself, the Rooker-Feldman doctrine does not apply. MSK EyEs Ltd., 546 F.3d at 539; Riehm, 528 F.3d at 965.

Defendant argues, however, that for plaintiff to succeed on his claims of fraudulent conduct, this Court would have to find that the Circuit Court of Greene County erred in its entry of Judgment. Defendant contends that the substance of the claims now raised could have been raised in state court under Missouri Supreme Court Rule 74.06, which provides an aggrieved party one year from the entry of judgment to seek relief from that judgment on the basis of mistake, fraud, misrepresentation, misconduct, irregularity, or inequity. Defendant argues that by raising the instant claims in federal court instead of through established mechanisms available in state court, plaintiff seeks an indirect appeal of the Greene County Judgment in this federal forum. Citing Kropelnicki v. Siegel, 290 F.3d 118 (2d Cir. 2002), defendant contends that because plaintiff could have raised the instant claims in state court to challenge the Judgment, said claims are "inextricably intertwined" with the state court Judgment and thus are barred from review by a federal district court under Rooker-Feldman.

The Second Circuit's broad reading of the Rooker-Feldman doctrine set out in Kropelnicki, upon which the defendant relies here, was abrogated by the Supreme Court's decision in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). See McLamb

v. County of Suffolk, 280 Fed. Appx. 107 (2d Cir. 2008) (Rooker-Feldman doctrine does not apply merely because federal claims are "inextricably intertwined" with a state-court decision.). Instead, the narrow subset of cases which are barred under the doctrine are only those in which the plaintiff seeks redress in a federal district court for injuries "caused by" a state court judgment and in which he seeks "review and rejection" of said judgment. Exxon Mobil, 544 U.S. at 291; Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc., 487 F.3d 1154, 1157 (8th Cir. 2007)(citing Exxon Mobil, 544 U.S. at 284).

The plaintiff here does not seek redress for any alleged injury stemming from the Greene County Judgment itself. Indeed, plaintiff does not challenge the Judgment or the underlying debt; nor does he seek to set either aside. Instead, plaintiff raises independent claims against the defendant in relation to its debt collection practices. The alleged unlawful conduct here, from which plaintiff claims he sustained injury, involves the manner and method by which the defendant used the judicial process in its attempt to collect a debt, not the judicial process itself. These claims against the defendant would continue even if the state court Judgment were vacated.

Accordingly, to the extent defendant seeks to dismiss this cause of action under the Rooker-Feldman doctrine for lack of subject matter jurisdiction, the motion should be denied.

B. <u>Failure to State a Claim</u>

In the alternative, defendant argues that if plaintiff's

claims are not barred by the Rooker-Feldman doctrine, the Complaint should nevertheless be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

When reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations contained in the Complaint, and review the Complaint to determine whether its allegations show the pleader to be entitled to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007); Fed. R. Civ. P. 8(a)(2). The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the Complaint. A Complaint must be dismissed under Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Complaint need not provide specific facts in support of the claims contained therein, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam), it "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 127 S. Ct. at 1964-65 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965.

In Gregory v. Dillard's, Inc., 565 F.3d 464 (8th Cir.

2009), the Eighth Circuit recently elaborated on the standard enunciated in Twombly when addressing a motion to dismiss under Rule 12(b)(6):

> After Twombly, we have said that a plaintiff "must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . . , rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007); see Wilkerson v. New Media Tech. Charter Sch., 522 F.3d 315, 321-22 (3d Cir. 2008). While a plaintiff need not set forth "detailed factual allegations," Twombly, 127 S. Ct. at 1964, or "specific facts" that describe the evidence to be presented, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 [ ] (2007) (per curiam), the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. Twombly, 127 S. Ct. at 1965 n.3. A district court, therefore, is not required "to divine the litigant's intent and create claims that are not clearly raised," Bediako [v. Stein Mart, Inc., 354 F.3d 835, 840 (8th Cir. 2004)], and it need not "conjure up unpled allegations" to save a complaint. Rios v. City of Del Rio, 444 F.3d 417, 421 (5th Cir. 2006) (internal quotation omitted).

Gregory, 565 F.3d at 473.

Having reviewed plaintiff's Complaint against this backdrop, it cannot be said that the Complaint fails to state a claim upon which relief can be granted. Contrary to defendant's assertion, plaintiff articulates sufficient factual information giving rise to alleged violations of the FDCPA, and adequately pleads said alleged violations. Because the Complaint gives the defendant fair notice of what plaintiff's claims are, the grounds upon which they rest, and

provides a sufficient factual basis for such grounds, defendant's motion to dismiss for failure to state a claim should be denied. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008).

To the extent defendant argues that it owed no duty to plaintiff to provide legal advice and that any alleged misrepresentation was immaterial in the circumstances of this case, a review of the motion and plaintiff's response thereto shows such matters to involve factual issues not properly determined on a motion to dismiss. When determining a motion to dismiss under Rule 12(b)(6), "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Finally, to the extent defendant contends that plaintiff fails to state a claim under the venue provision of the FDCPA, defendant's motion should be denied. In his Complaint, plaintiff claims that defendant caused the garnishment proceeding to be filed in the Circuit Court of Jackson County, Missouri, despite plaintiff's residence in Greene County. Under 15 U.S.C. § 1692i(a)(2),

> Any debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity (A) in which the consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action.

An application for writ of garnishment, as an action in enforcement of a previously obtained judgment, is a "legal action" which falls

within the venue provision of the FDCPA, 15 U.S.C. § 1692i.  <u>Fox v. Citicorp Credit Servs., Inc.</u>, 15 F.3d 1507, 1515 (9th Cir. 1994).

The venue provision in the FDCPA reflects the concern of Congress about consumers having to defend against lawsuits in distant or inconvenient courts. <u>Fox</u>, 15 F.3d at 1515; <u>see also</u> <u>Blakemore v. Pekay</u>, 895 F. Supp. 972, 978-79 (N.D. Ill. 1995). Consumers face similar burdens in defending against enforcement proceedings in a distant court. <u>See</u> <u>Fox</u>, 15 F.3d at 1515. Here, although defendant filed its application for writ of garnishment in the Circuit Court of Greene County, Missouri, the county of plaintiff's residence, the application, as completed by the defendant, was made *to* Jackson County, Missouri, and indeed was executed in Jackson County, Missouri. (Deft.'s Exh. A, Doc. #30 at p. 9.)[4/] Summons upon the writ issued from the Circuit Court of Jackson County. (<u>Id.</u>) The Notice to Debtor of Exemptions issued to plaintiff was issued by the Circuit Court of Jackson County and advised plaintiff that he could review the case in person in the Department of Civil Records in Kansas City, Missouri, which is located in Jackson County. The Notice from the Jackson County Circuit Court further informed plaintiff that any claims for exemptions were to be filed in the Court Administrator's Office and that he could request a hearing on any objections to claimed exemptions. The Notice further informed plaintiff that he could have his claim for exemption reviewed and determined by the court upon his request. (<u>Id.</u> at p. 10.)

---

[4] <u>See</u> <u>supra</u> nn. 1, 2.

On April 24, 2009, plaintiff submitted Exemption Affidavits to the Circuit Court of Jackson County. A review of the Affidavits shows plaintiff to have signed them before and in the presence of a deputy clerk of the Jackson County Circuit Court. The related Notices to Creditor were issued that same date by the Jackson County Circuit Court. The Notices to Creditor informed Kramer & Frank that any requests for court review of the exemption claims were required to be filed with the Execution/Garnishment Section in Kansas City, that is, in Jackson County. (Deft.'s Exh. A, Doc. #30 at pp. 5-8.) Because no objections were filed to the claimed exemptions, the Circuit Court of Jackson County released the garnishment against plaintiff's bank accounts. The court executed the Release on May 5, 2009. (Id. at p. 4.) The Release was thereafter filed in the Greene County Circuit Court on May 11, 2009. (Id. at pp. 2, 4.)

On this information before the Court, it cannot be said that plaintiff failed to state a claim under the venue provision of the FDCPA. Although the written application for writ was physically filed in the Circuit Court of Greene County, a review of the application shows Kramer & Frank to have unequivocally applied *to* Jackson County for issuance of and execution on the writ. Indeed, all proceedings on the writ occurred in the Circuit Court of Jackson County, including plaintiff's personal appearance before a deputy of that court to swear to and affirm his claimed exemptions. The instant claim against Kramer & Frank thus appears to fit within the ambit of 15 U.S.C. § 1692i inasmuch as the purpose of this venue

- 13 -

provision is to proscribe debt collection practices which require consumers to defend against legal actions in distant or inconvenient courts. Defendant's motion to dismiss on this basis should be denied.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Kramer & Frank, P.C.'s Motion to Dismiss (Doc. #13) is denied.

_/s/ Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this  _2nd_  day of December, 2009.